UPPER SEVEN LAW
P.O. BOX 31
HELENA, MT 59624

July 11, 2024

Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Response to Rule 28(j) Letter in *Imperial Sovereign Court of the State of Montana v. Knudsen*, No. 23-3581 (oral argument held June 4, 2024)

Dear Ms. Dwyer,

Plaintiffs respectfully respond to the State's Rule 28(j) letter filed July 9, 2024, which cites *Moody v. NetChoice*, Nos. 22–277 and 22–555 (July 1, 2024) (slip op.). Considering facial challenges to complex statutes that regulate internet platforms, *Moody* clarifies the standard applied to First Amendment facial challenges.

*Moody* confirms that *Salerno*'s no-set-of-circumstances standard does not apply. *Id.* at *9. The Court explained that facial claims require application of the overbreadth standard, which often has not been applied to facial First Amendment challenges. *See* Appellees' Resp. Br. at 37 (collecting cases). Even if it has a "plainly legitimate sweep," a law is facially invalid under the First Amendment when "a substantial number

of [its] applications are unconstitutional" compared to any permissible applications.  *Id.* at \*9 (quotation omitted).

Here, unlike in *Moody*, the clarified standard is handily met. *Moody* involved two states' attempts to regulate internet platforms, and it was unclear whether and the degree to which the laws would affect different platforms and services.  *Id.* at \*11.  In contrast, HB 359 is simple in both purpose and effect: as the district court noted, "State Defendants have failed to demonstrate . . . that the restrictions on speech and expression imposed by H.B. 359 bear <u>any</u> connection to" a legitimate government interest.  1-ER-40.

Although the parties disagreed about the applicable legal standard, both ultimately addressed and applied the overbreadth standard. Appellants' Op. Br. 23–29; Appellees' Resp. Br. 55–57.  As claimed by the State, HB 359's "plainly legitimate sweep" is, in fact, illegitimate: restricting legally non-obscene speech and criminalizing speech by entities that receive public funding.  Appellants' Op. Br. at 23–26.  And questions of HB 359's sweep were considered when the district court analyzed the statute's breadth.  1-ER-39–45.  Thus, the record does not require further development before the district court.  To the degree that

additional analysis of the legal issue would be helpful, Plaintiffs are happy to provide supplementary briefing.

Finally, *Moody* has no bearing on Plaintiffs' Fifth Amendment vagueness claim. *Moody*, at \*7 n.8 (Alito, J., concurring).

Sincerely,

/s/ *Constance Van Kley*
Constance Van Kley
*Counsel for Plaintiffs-Appellees*