

UPPER SEVEN LAW
P.O. BOX 31
HELENA, MT 59624

July 24, 2024

Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Response to Rule 28(j) Letter in *Imperial Sovereign Court of the State of Montana v. Knudsen*, No. 23-3581 (oral argument held June 4, 2024)

Dear Ms. Dwyer,

Plaintiffs respectfully respond to the State's Rule 28(j) letter filed July 23, 2024, which cites *Friends of George's, Inc. v. Mulroy*, No. 23–5611 (6th Cir. July 18, 2024). Despite a passing resemblance between Montana HB 359 and the Tennessee Adult Entertainment Act ("AEA"), *Friends of George's* is neither "pertinent" nor "significant." Fed. R. App. P. 28(j). Indeed, neither party cited the now-reversed district court ruling in its appellate briefs.

Although *Friends of George's* addresses standing and involves a law that, like HB 359, has been described as a "drag ban," the similarities end there. Unlike HB 359, the AEA incorporates all three of the *Miller/Ginsberg* requirements and preexisting state obscenity law. *Friends of George's*, No. 23-5611, at *5–8. In *Friends of George's*, the

evidence showed that the performances at issue had artistic merit and were appropriate for some minor audiences—thus falling outside of the AEA's purview. *Id.* at *7. Unlike the AEA, HB 359 does not even attempt to fully incorporate the *Miller/Ginsberg* test, and it cannot be read narrowly to apply only to speech that is obscene to minors.

What is more, Ninth Circuit law requires application of a different standard than that applied by the *Friends of George's* majority. Over a vigorous dissent, the Sixth Circuit appeared to hold that standing demands a showing of certain prosecution. *Id.*, at *10–11. Consistent with U.S. Supreme Court precedent, however, this Court requires a "'substantial threat' of enforcement"—which "often rises or falls with the enforcing authority's <u>willingness to disavow enforcement</u>." *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 489–90 (9th Cir. 2024) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 162 (2014)) (emphasis added). Here, there has been no disavowal, and Plaintiffs have demonstrated a "substantial threat" of enforcement.

                                               Sincerely,

                                               /s/ *Constance Van Kley*
                                               Constance Van Kley
                                               *Counsel for Plaintiffs-Appellees*