

UPPER SEVEN LAW
P.O. BOX 31
HELENA, MT 59624

May 14, 2025

Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: Rule 28(j) Letter in *Imperial Sovereign Court of the State of Montana v. Knudsen*, No. 23-3581 (oral argument held June 4, 2024)

Dear Ms. Dwyer,

Plaintiffs respectfully submit this Rule 28(j) letter to notify the Court of the Eleventh Circuit's decision in *HM Florida-ORL, LLC v. Governor of Florida*, __ F.4th __, 2025 WL 1375363 (11th Cir. May 13, 2025) ("*Hamburger Mary's*"). In *Hamburger Mary's*, the Eleventh Circuit upheld a preliminary injunction against a Florida law that, like HB 359, prohibits allowing children to attend "adult" performances and arose from hostility to drag. *Id.* at *1–2.

The court rejected the same arguments that Montana makes in support of HB 359.

- First, the court held that the plaintiff suffered injury-in-fact in the form of self-censorship because the law (1) was enacted recently, *id.* at *4; (2) used vague and undefined terms (including "lewd"), *id.* at *5;

(3) threatened "grievous" penalties, including license suspension, fines, and misdemeanor prison sentences, *id.*; and (4) would likely be enforced absent express disavowal of enforcement, *id.*

- Second, the court held that the injury was traceable to the defendant, a "government official[] with the authority to enforce [the] law," when enforcement proceedings would be filed by individuals overseen by and answerable to the named defendant. *Id.* at *9.

- Third, the court held that obscenity restrictions on speech directed to minors must comply with the *Miller* test, *id.* at *15–16, which is not met when the speech proscribed is vaguely defined and includes "lewd conduct," *id.* at *16–21.

- Fourth, the court held that the Florida law's unconstitutional applications outweigh its legitimate sweep and that the law is therefore facially unconstitutional under the *Moody* test for First Amendment challenges. *Id.* at *21–30.

- Fifth, the court affirmed the statewide injunction against the facially unconstitutional law. *Id.* at *30–33.

To the degree that pertinent differences separate the Florida law and HB 359, they further support Plaintiffs' position. Unlike the Florida

2

law, HB 359 does not even attempt to incorporate the *Miller*-for-minors framework. *See id.* at \*35–41, \*47–49 (Tjoflat, J. dissenting). Nor does it include a scienter requirement to "protect[] those who act reasonably and in good faith." *Id.* at \*49.

                                            Sincerely,

                                            /s/ *Constance Van Kley*
                                            Constance Van Kley
                                            *Counsel for Plaintiffs-Appellees*